**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

------------------------------------------------------------------------x

HUDSON BAY MASTER FUND, LTD.,

                Plaintiff,

    - against -

SOCKET MOBILE, INC.,

                Defendant.

------------------------------------------------------------------------x

Case No. 13-cv-07251
Judge Joan B. Gottschall

**JOINT MOTION FOR APPROVAL OF FAIRNESS AND EXCHANGE PURSUANT TO
SECTION 3(A)(10) OF SECURITIES ACT OF 1933, AS AMENDED**

Pursuant to Section 3(a)(10) of the Securities Act of 1933, as amended (Section 3(a)(10)"), 15 U.S.C. § 77c(a)(10), plaintiff Hudson Bay Master Fund, Ltd. ("Hudson Bay") and defendant Socket Mobile, Inc. ("Socket") submit this joint motion for: (1) a hearing to determine the fairness (including to Hudson Bay), both procedurally and substantively, of the terms and conditions of: (1) (x) the proposed exchange and transactions contemplated by the Settlement Agreement (as defined below), and (y) the offer and issuance by Socket of a number of shares of common stock of Socket determined pursuant to Section 3(b) of the Settlement Agreement (the "Shares") to Hudson Bay and the proposed exchange of Hudson Bay's claims therefor; and (2) an order approving (i) the proposed exchange and transactions contemplated by the Settlement Agreement and the terms and conditions thereof, and (ii) the offer and issuance of the Shares by Socket to Hudson Bay and the proposed exchange of Hudson Bay's claims therefor pursuant to the exemption from registration under Section 3(a)(10). In support of their joint motion, the parties state as follows:

**BACKGROUND**

On or about November 19, 2010, the parties executed an Amended and Restated Securities Purchase Agreement ("Amended SPA"), whereby Socket agreed to sell to Hudson Bay, *inter alia*, a Warrant ("Warrant") to purchase 500,000 shares of Socket's Common Stock at an exercise price of $2.44 per share, subject to adjustments as provided therein. The Warrant was issued to Hudson Bay on or about November 19, 2010.

On or about August 19, 2011, the parties entered into an Amended and Exchange Agreement ("Exchange Agreement"), which ratified the Amended SPA and other related transaction documents, including the Warrant, leaving the Warrant in "full force and effect."

The Warrant contains full-ratchet anti-dilution price protection provisions providing for a downward adjustment of the exercise price (together with an upward adjustment to the number of shares issuable upon exercise thereof) in the event that Socket makes a subsequent issuance of securities at a price lower than the exercise price then in effect. Hudson Bay contends that convertible notes Socket issued to various parties in September 2013 automatically triggered the anti-dilution provisions in the Warrants, and Socket disputes this contention.

Socket and Hudson Bay have agreed to settle the claims of Hudson Bay on the terms set forth in a Settlement Agreement executed on December 31, 2013 (the "Settlement Agreement"), a true and correct copy of which is attached to this Joint Motion as Exhibit 1. Among other provisions, the Settlement Agreement contemplates that Socket will issue the Shares to Hudson Bay in exchange for the claims of Hudson Bay against Socket.

The parties ask the Court to:

(i) hold a hearing to determine whether (x) the terms and conditions of the exchange and transactions contemplated by the Settlement Agreement, and (y) the offer and issuance of the

Shares by Socket to Hudson Bay and the proposed exchange of Hudson Bay's claims therefor, in each case of clauses (x) and (y), are fair (including to Hudson Bay, who is the only party to whom Shares will be issued), both procedurally and substantively;

(ii) determine that (1) the terms and conditions of the exchange and transactions contemplated by the Settlement Agreement, and (2) the offer and issuance of the Shares by Socket to Hudson Bay and the proposed exchange of Hudson Bay's claims therefor, in each case of clauses (1) and (2), are fair (including to Hudson Bay, who is the only party to whom Shares will be issued), both procedurally and substantively, and approve the fairness thereof; and

(iii) approve (I) the exchange and transactions contemplated by the Settlement Agreement (including the terms thereof), and (II) the offer and issuance of the Shares by Socket to Hudson Bay and the proposed exchange of Hudson Bay's claims therefor pursuant to the exemption from registration under Section 3(a)(10). Included with this Joint Motion is a proposed order determining and approving the fairness, exchange and issuance, which the parties jointly and respectfully request that the Court enter.

## THE TERMS OF THE EXCHANGE ARE FAIR AND SHOULD BE APPROVED

**Relevant Statute**: Section 3(a)(10) exempts the issuance of securities from registration when they are issued in exchange for settlement of *bona fide* claims in litigation:

> …any *security* which is issued in *exchange for* one or more bona fide . . . *claims* . . . **where the terms and conditions of such issuance and exchange are approved, after a hearing upon the fairness of such terms and conditions** at which all persons *to whom it is proposed to issue securities* in such exchange shall have the right to appear, by any court . . . ." [emphasis supplied]

**This Court has Jurisdiction to Determine Fairness Under Section 3(a)(10)**: *"Any court" may approve the fairness of the terms and conditions of the exchange.*[1]  Moreover, this court has the inherent authority to approve a settlement of litigation, and under the Declaratory Judgment Act, 28 U.S.C. § 2201, this court has the authority to rule on the issue before it in this case or controversy.[2]

**Relevant Terms of the Settlement:**  *Proposed Exchange of Securities for Claims*. Pursuant to the terms of the parties' Settlement Agreement, if approval is obtained from this Court, Socket will issue to Hudson Bay 37,500 shares of its common stock in exchange for all of Hudson Bay's claims against Socket and its officers and directors (including the claims at issue in this case).

While the parties agree that the foregoing is the core element of the exchange, the parties have entered into a more fulsome settlement agreement, which includes without limitation an adjustment of the exercise price of the Warrant to $1.25 and full mutual releases.

**Application of 3(a)(10):**  *Fairness Determination*.  The parties now seek a ruling from this Court approving the conditions surrounding the issuance of these Shares and finding that the terms and conditions are fair under Section 3(a)(10).  On June 18, 2008, the SEC issued Revised Staff Legal Bulletin No. 3(CF) ("SEC Bulletin") setting forth conditions that must be met to perfect the Section 3(a)(10) exemption.[3]  Although the SEC Bulletin is not binding, several

---

[1] *See* 15 U.S.C. § 77c(a)(10) (fairness can be determined by "any court"); *In re Trade Partners, Inc. Investor Litig.*, 2009 WL 440904, at *1 (W.D. Mich. Feb 23, 2009) (federal court hearing held jointly with a hearing in a Michigan state court action involving similar claims); SEC Bulletin at 1-2 (only a governmental entity – not a court – needs to be "expressly authorized" to hold the hearing) (Exhibit B).

[2] *See Continental Assur. Co. v. Macleod-Stedman, Inc.*, 694 F. Supp. 449, 467 (N.D. Ill. 1988) (citing inherent power and federal Declaratory Judgment Act as sources of authority to approve settlement under Section 3(a)(10)).

[3] A copy of the SEC Bulletin is attached hereto as Exhibit B.

courts have found a prior version[4] of it to be helpful and persuasive in setting forth factors to be considered in determining procedural and substantive fairness for purposes of Section 3(a)(10), and have made findings consistent with those factors.[5] Those factors and their applicability here are as follows:

  1. *Exchange: The securities must be issued in exchange for, inter alia, claims, and not for cash*. The Shares proposed to be issued by Socket under the Agreement would be issued in exchange for settlement of Hudson Bay's claims against Socket and are not being offered for cash.

  2. *Reliance on 3(a)(10): The court must be advised before the hearing that the issuer will rely on the Section 3(a)(10) exemption based on the court's approval of the transaction*. Prior to the hearing, the parties have advised this Court that Socket will rely upon the Section 3(a)(10) exemption based upon this Court's approval of the transaction.

  3. *Fairness Hearing*: *The court must hold a hearing before approving the fairness of the terms and conditions of the transaction*. This Court will hold a hearing either on the date of presentment of this motion or thereafter before approving the fairness of the transaction.

  4. *Openness of Hearing: The fairness hearing must be open to everyone to whom securities would be issued in the proposed exchange*. Hudson Bay is the only person to whom securities will be issued in the proposed exchange, and the hearing is open to Hudson Bay.

  5. *Notice*: *Adequate notice must be given to all those persons, i.e., the persons to whom securities would be issued in the proposed exchange*. Hudson Bay has adequate notice and, in fact, is a proponent of the exchange.

---

[4] The version dated October 20, 1999, which is identical in all material respects.

[5] *See, e.g., Trade Partners*, 2009 WL 440904, at *3; *In re Board of Directors of Multicanal S.A.*, 340 B.R. 154, 168 (Bankr. S.D.N.Y. 2006).

6. *No Procedural Impediments*: *At the hearing, there cannot be any improper impediments to the appearance by those persons, i.e., the persons to whom securities would be issued in the proposed exchange.* At the hearing, this Court will impose no procedural impediments to Hudson Bay. Nor has Socket proposed or implemented any such impediments to Hudson Bay.

7. *Fairness Determination: The reviewing court is to determine whether the terms and conditions of the exchange are fair to the part (parties)* **to whom securities will be issued**. The parties jointly submit that numerous substantial factors exist by which the Court can easily find that the proposed issuance and exchange of securities under the Agreement are fair to Hudson Bay, including especially the totality of the following undisputed facts:[6]

   a. This case has been vigorously contested by both parties – each of whom have stated via counsel that they believe they have a strong case. It is, therefore, especially significant that counsel for both plaintiff and defendant each support the settlement.

   b. Socket has defenses to Hudson Bay's claims. Socket's counsel has stated an intention to contest this case before this Court.

   c. The value of the shares to be issued to Hudson Bay is approximately $31,125 based upon the closing price of Socket's stock on January 9, 2014. Hudson Bay contends that under the terms of the Amended SPA, Hudson Bay is entitled to recover the expenses incurred in this litigation. Socket disputes this. The value of the shares to be issued to Hudson Bay is approximately equivalent to half the expenses Hudson Bay incurred in connection with the litigation. The value of any additional claims that

---

[6] These fairness factors have been considered in whole or in part in: *Trade Partners*, 2009 WL 440904, at *3-*4; *Continental Assur.*, 694 F. Supp. at 468; and *SEC v. Blinder Robinson & Co., Inc.*, 511 F. Supp. 799, 801 (D. Colo. 1981).

Hudson Bay will surrender in the exchange is highly speculative given: (i) the risk inherent in any investment involving a company without significant cash reserves; (ii) the possibility of no monetary recovery from Socket; and (iii) the time and expense required to litigate and reduce to judgment those claims. While the portion of the parties' settlement with respect to the Warrant stands on its own, the settlement is fair to both Socket and Hudson Bay because the adjustments were applied under the terms of the Warrants themselves as if an anti-dilution event occurred.

d. Settlement is highly preferred in litigation to reduce costs and conserve court resources.

## CONCLUSION

For all the foregoing reasons, the parties jointly and respectfully request that the Court enter the accompanying proposed Order Approving Fairness, Terms and Conditions of Exchange and Issuance Pursuant to Section 3(a)(10) of the Securities Act of 1933, as amended.

Dated: January 10, 2014

    Respectfully submitted,

    GREENBERG TRAURIG, LLP

    /s/ Gabriel Aizenberg
    Gabriel Aizenberg
    Greenberg Traurig, LLP
    77 W. Wacker Drive, Suite 3100
    Chicago, Illinois 60601
    Tel: 312-456-8400
    *Counsel for Plaintiff Hudson Bay Capital, L.P..*

    POLSINELLI
    /s/ John Leja
    John Leja
    Polsinelli
    161 N. Clark Street, Suite 4200
    Chicago, Illinois 60601
    *Counsel for Respondent Socket, Inc.*